UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MICHAEL VON EHL,

        Plaintiff,

                              CASE NO. 2:18-CV-12105
v.                                       HONORABLE VICTORIA A. ROBERTS

LT. P. ODELL, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

**I.    Introduction**

Adam Michael Von Ehl ("Plaintiff") filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Saginaw County Jail officials asserting that they improperly opened his legal mail in his absence and initially denied him the names and badge numbers of the offending parties in violation of his First Amendment rights. Plaintiff was confined at the Saginaw County Jail when he signed the Complaint on June 27, 2018. The Court filed the Complaint on July 5, 2018. The Court issued a Notice of Mediation Program on July 11, 2018 and issued a Notice Regarding Parties' Responsibility to Notify Court of Address Changes on July 16, 2018. Following a preliminary review of the case, the Court granted Plaintiff leave to proceed without prepayment of the filing fee and issued a Deficiency Order requiring him to provide three additional copies of the Complaint for service upon the defendants on July 17, 2018. The Court's mailings, however, were all returned as undeliverable. Plaintiff has not contacted the Court nor provided updated contact information since he instituted this action, and the Court has no known address for him.

**II.    Discussion**

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case based upon a party's failure to keep the court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .," Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may thus dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As noted, since the filing of this case, all of the Court's Notices and Orders issued to Plaintiff were returned as undeliverable. Plaintiff has a duty to provide the Court with his current address or risk dismissal of his case. *Watsy v. Richards*, No. 86-1856, 1987 WL 37151

(6th Cir. April 20, 1987). Plaintiff has likely been released from the Saginaw County Jail or transferred to another facility, but has not provided the Court with updated contact information. The Court's review of the Michigan Department of Corrections Offender Tracking Information System ("OTIS") found no listing for Plaintiff online. Plaintiff has thus failed to comply with Local Rule 11.2 and the Court's Notice. The Court will therefore dismiss this case without prejudice for want of prosecution. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based upon failure to provide current contact information and failure to exhaust state court remedies).

### III.    Conclusion

Based upon the foregoing discussion, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Civil Rights Complaint. The Court also concludes that an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2018